RICHARD I. BLACKSTON, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 252, 2009.
Supreme Court of Delaware.
Submitted: May 18, 2009.
Decided: June 19, 2009.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 19th day of June 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Richard I. Blackston, filed an appeal from the Superior Court's April 16, 2009 order denying his motion for sentence modification pursuant to Superior Court Criminal Rule 35. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.
(2) The record reflects that, in March 2006, Blackston pleaded guilty to Robbery in the Second Degree. He was sentenced to 5 years incarceration at Level V, to be suspended for 6 months at Level V, to be followed by 6 months at Level IV Halfway House and 24 months at Level III probation. In June 2008, Blackston was found to have committed a violation of probation ("VOP"). He was sentenced to 4 years at Level V, to be suspended for 5 months at Level V, followed by 18 months at Level III. The sentence was subsequently amended to change the effective date from June 11 to January 23, 2008.
(3) In September 2008, Blackston again was found to have committed a VOP. He was sentenced to 3 years and 6 months at Level V, to be suspended for 3 years and 6 months at Level IV, in turn to be suspended for 57 days at Level IV VOP Center, followed by 18 months at Level III. Blackston was found to have violated his probation a third time in February 2009. He was sentenced for that latest VOP to 3 years at Level V, to be suspended for 3 years at Level IV Home Confinement, in turn to be suspended for 6 months at Level IV Home Confinement, to be followed by 18 months at Level III.
(4) In this appeal from the Superior Court's denial of his motion to modify his latest VOP sentence, Blackston claims that the Superior Court either misunderstood his request or abused its discretion when it denied his motion. He contends that the Home Confinement portion of his sentence should be changed to Work Release because of the "negative conditions" of the residence where his home confinement is to be served.
(5) Under Delaware law, the trial court has broad discretion in imposing sentence.[1] Appellate review of a particular sentence is usually limited to consideration of whether the sentence falls within the statutory limits.[2] A trial court can abuse its discretion, however, if it imposes sentence based upon inaccurate or misleading information, or if it relies on impermissible factors or exhibits a closed mind.[3] Because there is no evidence on the record before us of any error or abuse of discretion on the part of the Superior Court in denying Blackston's motion for sentence modification, the Superior Court's decision must be affirmed.
(6) It is manifest on the face of the opening brief that the appeal is without merit because the issue presented on appeal is controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Mayes v. State, 604 A.2d 839, 842 (Del. 1992).
[2] Id.
[3] Id. at 843.